**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CHARLES O. THOMPSON (SBN 139841)
  E-mail: thompsonc@lbbslaw.com
LISA BARNETT SWEEN (SBN 191155)
  E-mail: sween@lbbslaw.com
One Sansome Street, Suite 1400
San Francisco, California  94104
Telephone:   (415) 362-2580
Facsimile:    (415) 434-0882

Attorneys for Defendants
SCOTT'S JACK LONDON SEAFOOD,
INC., FOOD SPECIALISTS, INC.,
RAYMOND GALLAGHER and
STEPHEN E. FAGALDE

**MICHAEL B. BASSI, A Law Corporation**
MICHAEL BRUNO BASSI
  E-mail: MBBassi@bassilaw.com
RICHARD M. SHEARER
  E-mail: RMShearer@bassilaw.com
500 Sansome Street, 8th Floor
San Francisco, CA 94111

Attorneys for Plaintiff
MICHAEL STAGG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL STAGG,<br><br>            Plaintiff,<br><br>    v.<br><br>SCOTT'S JACK LONDON SEAFOOD, INC., a California Corporation, FOOD SPECIALISTS, INC., a California Corporation, RAYMOND GALLAGHER and STEPHEN E. FAGALDE,<br><br>            Defendants. | CASE NO. 3:10-cv-02824-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Case Management Conference<br>Date:    September 8, 2011<br>Time:    9:30 a.m.<br>Courtroom: 6<br>Judge:   Hon. Charles B. Breyer<br><br>Action Filed: June 28, 2010 |

1.      **JURISDICTION AND SERVICE**

This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff has alleged violations of the Family & Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.*; and the Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear the substantially related state law claim,

1  violations of the California Family Rights Act, Government Code § 12945.2.  All named
2  defendants have been served in this case.

3  **2.    FACTS**

4  Plaintiff is employed by Scott's Seafood Grill & Bar located in Oakland, California.  As
5  General Manager, he was responsible for the day-to-day management operations of the restaurant.
6  Plaintiff requested family medical leave on approximately November 30, 2009, to care for his
7  mother in Colorado who suffers from breast cancer, which Defendants granted.  Plaintiff began his
8  leave on December 24, 2009.  Plaintiff alleges, and Defendants deny, that the parties also
9  discussed and agreed that Plaintiff would use some of the leave time to care for his wife, who also
10 suffers from breast cancer.

11 Defendants received a letter from Plaintiff dated February 23, 2010, indicating that
12 Plaintiff was ready to return to work from his family medical leave.  The parties had several
13 communications in which the following were discussed:  Defendants' performance expectations of
14 Plaintiff going forward; the conditions under which Plaintiff would be allowed to return to work,
15 and specifically the requirement that he report to Scott's Walnut Creek for a period of time to
16 shadow its General Manager; or alternatively, the possibility of a "buyout" of Plaintiff's minority
17 interests in Food Specialists, Inc. and five LLCs, in which Plaintiff and Defendants Gallagher and
18 Fagalde have ownership interests.  Plaintiff went out on "stress" leave in late March, 2010, and
19 remains on unpaid leave.

20 Plaintiff alleges that he took his family medical leave to care for both his wife and mother;
21 that Defendants refused to permit Plaintiff to return to work since February 23, 2010; and that
22 Defendants assigned Elizabeth Gallagher to fill Plaintiff's position during and after his leave.
23 Plaintiff also alleges that Defendants improperly conditioned his return to work by Plaintiff paying
24 additional funds into Defendant Food Specialists, Inc. and into two LLCs, pursuant to purported
25 "cash calls" issued by Defendant Fagalde.  Based on these alleged acts, Plaintiff alleges two
26 causes of action: (a) violations of the Family & Medical Leave ("FMLA"); and (b) violations of
27 the California Family Rights Act ("CFRA").

28 / / /

Defendants deny all liability and contend that they acted in full compliance with the FMLA and the CFRA.  Defendants maintain that Plaintiff had job performance issues long before he requested family medical leave, but particularly throughout 2008 and 2009; that Defendants granted Plaintiff's request for a three-month family medical leave in order to care for his mother beginning December 25, 2009; that Plaintiff used only a small portion of this time caring for his mother and spent the remaining time vacationing with his wife; that Plaintiff did not adequately inform Defendants that he would return to work on any specified date; and that Ms. Gallagher was assigned to perform and continues to perform the necessary managerial duties in Plaintiff's absence.

3. **LEGAL ISSUES**

(a) Whether Defendants' conduct violated the Family & Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.*; and

(b) Whether Defendants' conduct violated the California Family Rights Act, Government Code § 12945.2.

4. **MOTIONS**

There are no prior or pending motions.  Should this matter not settle, Defendants intend to file a motion for summary judgment after completing written and oral discovery, which Defendants expect to complete by December 2011.

Plaintiff may file a motion for summary judgment after obtaining written and oral discovery.  Plaintiff also intends to seek recovery costs and attorneys' fees incurred in by Plaintiff in setting up and preparing for the January 24, 2011, mediation that was cancelled by Defendants and recovery of attorneys' fees and costs incurred by Plaintiff in connection with what Plaintiffs believe to be Defendants' bad-faith behavior in subsequent settlement efforts, described in Section 11, below.  Plaintiffs also suggest that the Court may wish to require Mr. Fagalde to appear personally to explain his actions, described in Section 11, below.

5. **AMENDMENT OF PLEADINGS**

Neither party contemplates amendments to the pleadings at this time.

6. **EVIDENCE PRESERVATION**

The parties have put in place a "litigation hold" to ensure the preservation of relevant documents and data, and will preserve all other relevant evidence in their custody and control.

## 7. DISCLOSURES

Initial disclosures were completed in October 2010.

## 8. DISCOVERY

The parties propounded written discovery, including document requests. Defendants commenced Plaintiff's deposition. Further written and oral discovery have been stayed pending mediation, which occurred on June 28, 2011, and during subsequent settlement negotiations, which had been expected to, but did not, culminate in a signed settlement agreement on August. 31. 2011. (*See* Section 11, "Settlement and ADR," below.) The parties agree to the following revised discovery plan:

(a) Non-expert discovery should be completed by December 30, 2011. The exchange of expert information should take place on February 28, 2011, and expert depositions should be completed by March 15, 2011.

(b) **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.** The parties may seek production of electronically stored information in electronic form.

(c) **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order.** Medical conditions and records are likely to be involved. Financial and trade secret information may also be involved. The parties are discussing appropriate protections, including a possible Protective Order.

(d) **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed.** No changes should be made in the limitations on discovery imposed under the rules, and no other limitations should be imposed.

9. **RELATED CASES**

    (a)    Michael Stagg and Janine Stagg v. Food Specialists, Inc. *et al.*, Superior Court of the State of California, County of Alameda, Case No. RG10526521 (Complaint for Involuntary Dissolution of a corporation and five LLCs).

    (b)    Michael Stagg v. Food Specialists, Inc. *et al.*, Superior Court of the State of California, County of Alameda, Case No. RG10525885 (Petition for Writ of Mandate compelling disclosure of corporate and LLC records).

10. **RELIEF**

Plaintiff seeks damages under both the FMLA and the CFRA in an amount to be determined at trial, but not less than $55,348.64 (as of the Complaint filing date) and accruing at a rate of not less than $3,461.54 per week thereafter for each cause of action. Plaintiff also seeks interest, liquidated damages, attorneys' fees and costs, front pay, emotional distress damages, and punitive damages. Defendants deny all liability.

11. **SETTLEMENT AND ADR**

The parties participated in a "global" mediation with Ret. Judge Jamie-Jacobs-May of JAMS on June 28, 2011. The parties continued to negotiate terms and conditions of settlement for weeks thereafter, with Judge Jacobs-May continuing to assist via telephone. After extensive negotiations, Judge Jacobs-May made a "mediator's proposal" to which all parties agreed. The parties submitted a Notice of Settlement based upon the parties' agreement because there were imminent Court hearings, including a settlement conference with Magistrate Speno, that counsel for both sides agreed appeared not to be necessary.

Defendants thereafter insisted on a revision of the agreed-upon terms. Once again, negotiations resumed and the parties agreed to a final draft settlement agreement on slightly different terms than those originally agreed to. The final draft to which all parties stated their agreement provided, *inter alia*, for an immediate payment by Defendants to Plaintiff of an agreed-upon specific amount. On August 31, 2011 at approximately 4:00 p.m., Plaintiff (and his wife, who is a necessary party to the state court Involuntary Dissolution action) and their counsel went to the offices of Defendants' counsel with all necessary signatures and other documents called for

in the settlement, prepared to execute additional copies of the Settlement Agreement if desired by Defendants. Defendant Stephen Fagalde came to his counsel's office at the same time, but contrary to the terms to which Defendants had agreed, he brought a check for less than the agreed-upon settlement amount and refused to pay the full agreed-upon amount.[1]

**12.    SCHEDULING**

The parties propose the following revised dates for scheduling:

(a)    Non-expert discovery cutoff: December 30, 2011;

(b)    Designation of experts: February 28, 2012;

(c)    Expert discovery cutoff: March 15, 2012;

(d)    Hearing of dispositive motions: February 24, 2012;

(e)    Pretrial conference: March 5, 2012; and

(f)    Trial: late-March to mid-April 2012.

The parties negotiated and agreed to these dates in good faith. The Court should be aware that Plaintiff's wife is seriously ill with Stage IV metastatic breast cancer. It is impossible to know how the disease will progress, but it is possible that a medical emergency may require Plaintiff to seek to change one or more of these dates. That is not the intention of any party, but the Court should be aware of the issue.

/ / /

/ / /

---

[1]    Plaintiffs wish to emphasize that they do not believe that Defendants' counsel had any prior knowledge that Mr. Fagalde was going to bring a check for less than the full agreed-upon settlement amount. To the contrary, the professional manner in which Defendants' counsel's have conducted themselves throughout this litigation convinces Plaintiffs that Mr. Fagalde acted on his own or with the consent of other Defendants and did not consult with Defendants' counsel prior to bringing a check for less than Defendants had agreed to pay.

LEWIS BRISBOIS BISGAARD

13.   TRIAL

Plaintiff has demanded a jury trial.  The parties estimate that this trial will last 5-7 days.

DATED: September 1, 2011            LEWIS BRISBOIS BISGAARD & SMITH LLP


                                    By:   /S/ Lisa Barnett Sween
                                          CHARLES O. THOMPSON
                                          LISA BARNETT SWEEN
                                          Attorneys for Defendants
                                          SCOTT'S JACK LONDON SEAFOOD,
                                          INC., FOOD SPECIALISTS, INC.,
                                          RAYMOND GALLAGHER and
                                          STEPHEN E. FAGALDE

DATED: September 1, 2011            MICHAEL B. BASSI, A Law Corporation


                                    By:   /S/ Richard M. Shearer
                                          MICHAEL BRUNO BASSI
                                          RICHARD M. SHEARER
                                          Attorneys for Plaintiff
                                          MICHAEL STAGG